JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD LARSEN,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN DIOR PERFUMES LLC et al.,<br><br>Defendants. | Case No. 2:25-cv-00539-HDV-MAA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10]** |

1

## I. INTRODUCTION

This putative class action arises from Plaintiff Clifford Larsen's employment with Defendants Christian Dior Perfumes LLC and LVMH Fragrance Brands US LLC (collectively "Defendants"). Plaintiff brings a series of wage and hour claims alleging that Defendants failed to pay minimum and overtime wages, provide meal and rest breaks, reimburse business expenses, and issue accurate itemized wage statements.

Before the Court is Plaintiff's Motion to Remand. ("Motion") [Dkt. No. 10]. Plaintiff contends that Defendants' removal was improper because the $75,000 amount in controversy has not been met. The Court agrees. The Court finds that Defendants' amount in controversy calculations are too speculative and concludes on that basis that there is no diversity jurisdiction.

The Motion is granted.

## II. BACKGROUND

Plaintiff Clifford Larsen worked as a Selling Specialist for Defendants from November 17, 2020 to June 28, 2024. First Amended Complaint ("FAC") ¶ 9 [Dkt. No. 15]. Larsen was responsible for selling cosmetics and perfumes at Defendants' retail counters inside Sak's Fifth Avenue, Nieman Marcus, Macy's, and Bloomingdale's department stores in Los Angeles County. FAC ¶ 9. Larsen alleges that Defendants maintained joint control over key aspects of his and other putative class members' employment, including their scheduled hours and working conditions, timing for meal and rest breaks, pay rates, and the hiring and termination of employees. FAC ¶ 10.

On December 9, 2024, Larsen brought this putative class action in the Los Angeles County Superior Court alleging various wage and hour claims under the California Labor Code and for IWC Wage Order violations. *See* Notice of Removal ("NOR"), Ex. A [Dkt. No. 1-1]; *see also* FAC. On January 21, 2025, Defendants removed the case to this Court on the basis of diversity jurisdiction. *See* Notice of Removal ("NOR") [Dkt. No. 1].

On February 20, 2025, Plaintiff filed a Motion to Remand asserting that Defendants fail to satisfy the $75,000 amount in controversy threshold for diversity jurisdiction. *See* Motion. After the Motion was fully briefed, Plaintiff filed a First Amended Complaint on March 12, 2025. *See* FAC. The Court then granted Defendants leave to file a sur-reply based on the new information in the

FAC. *See* Defendants' Sur-Reply ("Sur-Reply") [Dkt. No. 16-2]; [Dkt. No. 19].

The Court heard oral argument on the Motion on March 20, 2025 and took the matter under submission. [Dkt. No. 18].

### III.    LEGAL STANDARD

Federal courts have original jurisdiction of civil actions between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. Federal jurisdiction under § 1332 requires complete diversity, i.e., that each plaintiff is diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)). A defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441. That statute is strictly construed against removal jurisdiction and there is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction. *See Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). If the court lacks subject matter jurisdiction or there exists any defect in the removal procedure, a federal court may remand the case to state court. *See* 28 U.S.C. § 1447(c).

When the amount in controversy is contested, "courts first look to the complaint." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). If the complaint does not state an amount in controversy, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the amount in controversy requirement is met. *Id.*; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("Under this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement). Failure to do so requires remand. *Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). The parties may submit "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Ibarra*, 775 F.3d at 1197. The defendant may rely on reasonable assumptions, *Anderson*, 556 F. Supp. 3d at 1136, but the defendant may not rely on "mere speculation and conjecture." *Ibarra*, 775 F.3d at 1197.

## IV. DISCUSSION

Plaintiff argues that Defendants have not met their burden of establishing the $75,000 amount in controversy required for diversity jurisdiction. *See* Motion at 1. In the Sur-Reply, Defendants estimate that Plaintiff's damages are $27,315 and the cost of attorneys' fees is $58,000—alleging a total amount in controversy of $85,315. Sur Reply at 5.

In response, Plaintiff avers that Defendants' calculations are too speculative and fail to provide any direct evidence to support the damages or attorneys' fees claims. Motion at 1. The Court agrees for two reasons.

First, Defendants rely solely on conclusory statements in the Notice of Removal and the Sur-Reply to establish Plaintiff's claims for damages. Defendants fail to corroborate their calculations with any supporting declarations or documents. *See Ibarra*, 775 F.3d at 1199 ("[Defendant] bears the burden to show that its estimated amount in controversy relied on reasonable assumptions."). For example, when calculating Plaintiff's alleged unpaid overtime wages, Defendants assumed that Plaintiff was not paid for two hours every week for the entire 55-week employment period. NOR ¶ 24–25. But Defendants fail to substantiate the number of penalties used in this calculation. As Plaintiff's employers, Defendants had access (or could have easily gained access) to Plaintiff's employment records and should have been in a position to provide some direct calculations or estimates of his work hours.[1] Simply assuming that every employee worked two overtime hours per week, without some facts, evidence, or a declaration to support this assumption, is insufficient to meet Defendants' evidentiary burden. *See Nolan v. Kaya Oil Co.*, No. 11-cv-00707-MEJ, 2011 WL 2650973, at *4 (N.D. Cal. 2011) (granting plaintiff's motion to remand after defendant failed to proffer estimates satisfying amount in controversy when assuming number of penalties without evidence); *see also Dupre v. General Motors*, No. 10-cv-00955-RGK (Ex), 2010 WL 3447082, at *4

---

[1] Defendants responded at oral argument that—at least in the final period of Plaintiff's employment—Defendants were not Plaintiff's direct employer, and therefore did not have access to these records. But Defendants do not contest that they were Plaintiff's direct employer at one time, and Plaintiff alleges that Defendants were his joint employer. FAC at 10. Regardless, Defendant is not relieved of its burden to establish the amount in controversy simply because it does not have immediate access to records.

(C.D. Cal. 2010) (same).[2]

Second, even assuming *arguendo* that Defendants' damages calculations are accepted at face value, Defendants still fail to establish the amount in controversy because the calculation of $58,000 in attorneys' fees attributes this amount to Plaintiff individually, rather than the class as a whole.[3] That is plainly improper. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) ("[A]ny potential attorneys' fees award in this class action cannot be attributed solely to the named plaintiffs for purposes of amount in controversy."). The Ninth Circuit in *Kanter* instructed courts to divide these fees among all members of the putative class when calculating amount in controversy. *Kanter*, 265 F.3d at 858; *see also Olson v. Michaels Stores, Inc.*, No. 17-cv-03403-ABG-JSX, 2017 WL 3317811, at *5 (C.D. Cal. Aug. 2, 2017) ("[O]nly Plaintiff's pro rata share of attorneys' fees may be considered to calculate the amount in controversy."). Defendants attempt to avoid this result by arguing that they have only calculated those specific portions of litigation that focus on the Plaintiff himself, such as the fees that would be spent on his deposition. But even the Plaintiff's deposition and document discovery would be litigated for the benefit of the class and must be divided among the class for purposes of calculating the amount in controversy.[4]

---

[2] Similarly, in Defendants' calculations regarding Plaintiff's alleged missed meal and rest periods injuries, Defendants again assume that Plaintiff missed three meal and three rest periods per week. NOR ¶ 28–29, 33. While Defendants base their assumed number of violations on Plaintiff's PAGA Notice—which alleges "frequent" missed meal and rest periods (NOR ¶ 28)—they fail to offer any evidence to justify their assumption that three missed meal and rest breaks per week is a reasonable interpretation of the term "frequent."

[3] The Notice of Removal provides that "[e]ven conservatively assuming all these activities would require only 72.5 hours for Plaintiff's counsel to complete, at Plaintiff's counsel's lowest billing rate of $800 per hour, that still places at least $58,000 in attorney's fees in controversy in this action." NOR ¶ 47.

[4] Defendants' other proposed data point—that it was awarded $58,690.48 in fees in another wage and hour case, *see* NOR ¶ 47—is of no relevance since Defendants do not submit any evidence regarding the claims in that case, the class size, or what was in dispute.

5

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is granted.

Dated: April 10, 2025

                                              Hernán D. Vera
                                              United States District Judge